# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **LUIS FRANCISCO GONZALEZ COLON**
**MARILYN RODRIGUEZ RIOS**
Debtor(s)

CASE NO: **14-08398-BKT**

Chapter 13

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **JOSE A LEON LANDRAU\***

Total Agreed: **$3,000.00**    Paid Pre-Petition: **$0.00**    Outstanding (Through the Plan): **$3,000.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

Debtor(s) Income is (are) ☐ Under  ☑ Above Median Income    Liquidation Value: $**$0.00**

Commitment Period is  ☐ 36 months  ☑ 60 months §1325(b)(1)(B)    General Unsecured Pool: **$0.00**

With respect to the (amended) Plan date: Apr 08, 2015 (Dkt 47)    Plan Base: **$21,295.00**

The Trustee:   ☐ DOES NOT OBJECT  ☑ OBJECTS  Plan Confirmation    Gen. Uns. Approx. Dist.: 2.2 %

The Trustee objects to confirmation for the following reasons:

**[1325(a)(6)] Payment Default Feasibility** – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

Debtor is one month, or $200.00, in arrears with the Trustee. The pending payment pertains to the month of March 2015; which became due on the 9th day of the month.

**[1325(a)(8)] DSO Payment Default** – Debtor(s) is in default with postpetition DSO payments.

Debtor has submitted evidence of being current with DSO payments up until the month of February 2015. Debtor must continue to submit evidence of being current with such obligation up until the confirmation of the plan.

**\*OTHER COMMENTS / OBJECTIONS**

As per Debtor's amended Schedule I, Debtor's business is underwater. Debtor loses $212.00 in the operation of the same. Debtor has failed to establish that operating said business is needed for his reorganization. Debtor amended Schedule I and included in the rent and business line a total of $1,588.00 vs. the -212.00 included in the previous Schedule I.
Also, rent income was not placed in a different line as in the original Schedule I. For this reason, the Trustee cannot assess Debtor's finances adequately. The Trustee needs to know how much money Debtor is making in the business and how much money he makes renting apartments.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.    Date: April 13, 2015
CHAPTER 13 TRUSTEE

CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

/s/ Nannette Godreau, Esq.

Last Dkt.: 48
Last Claim: 15